UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00706-GNS

RANDY EMMITT                                                                                       PLAINTIFF

v.

ELMINGTON PROPERTY
MANAGEMENT, LLC                                                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (DN 4). Defendant has responded (DN 6), Plaintiff did not reply, and the time for doing so has elapsed. Fully briefed, this matter is ripe for adjudication. For the reasons set forth below, Plaintiff's motion is **GRANTED**, and this case is **REMANDED** to Jefferson Circuit Court and **STRICKEN** from the Court's docket.

### I.     BACKGROUND

Plaintiff Randy Emmitt ("Plaintiff") filed suit in Jefferson Circuit Court on October 20, 2017 against his former employer, Elmington Property Management, LLC ("Defendant"), alleging retaliation, retaliatory discharge, and reverse race discrimination, and seeking to recover compensatory damages including but not limited to past and future lost wages and benefits, statutory attorneys' fees, costs and expenses, and statutory interest. (Compl., DN 1-2). Plaintiff's state complaint included the assertion: "A case and controversy exists between the parties to this action and the amount in controversy exceeds the jurisdictional minimum of this Circuit Court but is less than $75,000 inclusive of fees, punitive damages and the fair value of

any injunctive relief." (Compl. ¶ 7). Defendant timely removed to this Court on the basis of diversity jurisdiction. (Notice Removal, DN 1). The parties do not dispute that complete diversity of citizenship exists, but contest the adequacy of Plaintiff's post-removal stipulation of amount in controversy. (Pl.'s Mot. Remand, DN 4; Stipulation, DN 4-1; Def.'s Resp. Pl.'s Mot. Remand, DN 6). Plaintiff's post-removal stipulation includes the following language: "Plaintiff will neither seek nor accept any amount equal to or greater than seventy-five thousand dollars ($75,000), inclusive of punitive damages, costs, attorneys' fees, and the fair market value of any injunctive relief. This stipulation is intended to be unequivocal and binding on Plaintiff, and it is Plaintiff's intention that this Stipulation be used by the Court to limit the amount of any award to him."

## II.  STANDARD OF REVIEW

A defendant may remove an action from state court to federal court when the plaintiff could have brought the action in federal court originally. 28 U.S.C. § 1441(a). Unlike state trial courts, federal district courts are courts of limited jurisdiction; they hold only that power authorized by the U.S. Constitution and statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). Under 28 U.S.C. § 1332(a)(1), district courts have "diversity jurisdiction" over civil cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citation omitted). Federal jurisdiction in a diversity case is determined at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). In determining the amount in controversy for jurisdictional purposes, "[t]he amount claimed by the plaintiff usually controls, but the defendant can remove the case under 28 U.S.C. § 1441(a) if it is shown that the amount in controversy is 'more likely than not' above $75,000." *Hampton v.*

*Safeco Ins. Co. of Am.*, 614 F. App'x 321, 323 (6th Cir. 2015) (citation omitted). The removing defendant bears the burden of establishing the diversity jurisdiction requirements by a preponderance of the evidence. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n.28 (1979) (citations omitted); *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404 (6th Cir. 2007). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (alteration in original) (internal quotation marks omitted) (citation omitted).

The Kentucky Rules of Civil Procedure prohibit plaintiffs from articulating a specific amount that they seek to recover in their complaints. *See* Ky. R. Civ. P. 8.01(2). These rules further allow plaintiffs to recover more in damages than what they seek in their complaints. *See* Ky. R. Civ. P. 54.03. "Accordingly, even if a plaintiff could state the damages he seeks in his complaint, this figure would not necessarily limit the ultimate award—often leaving defendants without a clear guidepost as to whether federal jurisdiction might attach." *Jefferson v. Hyatt Corp.*, No. 3:14-CV-00601-TBR, 2015 U.S. Dist. LEXIS 46837, at *4 (W.D. Ky. Apr. 9, 2015). When "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B).

### III.   DISCUSSION

This Court has often held that plaintiffs are entitled to stipulate that they do not seek, nor will they accept, damages in an amount exceeding the diversity jurisdictional minimum of

3

Section 1332. *See, e.g.*, *Jefferson*, 2015 U.S. Dist. LEXIS 46837. Such post-removal stipulations are, however, generally disfavored because if plaintiffs "were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Gatlin v. Shoe Show, Inc.*, No. 3:14-CV-00446-TBR, 2014 U.S. Dist. LEXIS 98367, at *7-8 (W.D. Ky. July 18, 2014) (internal quotation marks omitted) (citations omitted). The Court will therefore uphold the stipulation only where it is an "unequivocal statement . . . limiting damages." *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002).[1]

This Court has examined the adequacy of amount-in-controversy stipulations on numerous occasions, a comparison of which is instructive to the Court's analysis. In *Egan*, the plaintiff executed an affidavit stating that she "will accept a sum of $74,900 exclusive of interest and costs as a judgment regardless of what any court finds in excess of that amount." *Id.* at 775. This Court found her stipulation less than unequivocal, reasoning that she failed to actually limit the amount of a potential judgment: "To merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Id.* at 778. Conversely, in another case, the plaintiff stated in his motion to remand that he "hereby certifies to the Court that he will

---

[1] The Sixth Circuit has previously held that "a post-removal stipulation *reducing* the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers*, 230 F.3d at 872. District courts have therefore often distinguished between post-removal stipulations that merely *clarify* the amount in controversy (i.e., those in which the plaintiff provides specific information about the amount in controversy for the first time) as opposed to *reducing* the amount. *See, e.g.*, *Agri-Power, Inc. v. Majestic JC, LLC*, No. 5:13-CV-00046-TBR, 2013 U.S. Dist. LEXIS 90410, at *7-8 (W.D. Ky. June 27, 2013). Interestingly, as Plaintiff included a mention of damages in his original state court complaint and the same amount is specified in his post-removal stipulation—less than $75,000.00—it seems that this instance does not involve a reduction of damages, as is typically the case in subsequent provisions of specific information about the amount in controversy, but instead a clarification, or perhaps more properly a reiteration. (Compl. ¶ 7; Stipulation, DN 4-1). The Court will therefore consider the adequacy of Plaintiff's stipulation notwithstanding that it is not the initial mention of the amount in controversy.

not be making a claim nor pursuing damages in amount equal to or exceeding the sum of $75,000.00." *Van Etten v. Boston Sci. Corp.*, No 3:09CV-442-H, 2009 U.S. Dist. LEXIS 99079, at *2-3 (W.D. Ky. Oct. 22, 2009). There, this Court found that, "[o]n its face, Plaintiff's statement leaves no doubt or out. As such, it does meet the Court's minimum requirement of being an unequivocal stipulation" regarding amount in controversy. *Id.*; *accord Spence v. Centerplate*, 931 F. Supp. 2d 779, 780 (W.D. Ky. 2013) (finding unequivocal a plaintiff's stipulation that read he "expressly asserts . . . that Plaintiff will not seek *or accept* an award of damages in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief." (emphasis in original)).

Plaintiff's present stipulation more closely resembles the unequivocal language used in *Van Etten* and *Spence*. Defendant's Response ignores the stipulation's language referring to "Plaintiff's intention that this Stipulation be used by the Court to limit the amount of any award to him."

Both Kentucky federal and state courts have recognized that plaintiffs are prevented from later taking an inconsistent position to one previously advocated, i.e., following a post-removal stipulation of damages. *See, e.g.*, *Spence*, 931 F. Supp. at 782; *Tankersley v. Marthinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780-81 (E.D. Ky. 2014); *Colston Inv. Co. v. Home Supply Co.*, 74 S.W.3d 759, 763 (Ky. App. 2001) (quoting *Reynolds v. Comm'r*, 871 F.2d 469, 472-73 (6th Cir. 1988)). "While an unscrupulous party might seek to abuse the process, this court is placing absolute reliance upon counsel's statement limiting damages as an essential component of our order of remand." *Jester v. Kenco Logistics Servs., LLC*, No. 3:13-CV-385-S, 2013 U.S. Dist. LEXIS 163437, at *5 (W.D. Ky. Nov. 15, 2013). Plaintiff is admonished that, as this Court has previously noted, any attempt to void the pledge memorialized in his stipulation may be

5

considered sanctionable conduct and may justify re-removal. *See, e.g.*, *Jefferson*, 2015 U.S. Dist. LEXIS 46837, at *12; *Jester*, 2013 U.S. Dist. LEXIS 163437, at *5-6; *Van Etten*, 2009 U.S. Dist. LEXIS 99079, at *3-4.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (DN 4) is **GRANTED**. This case is **REMANDED** to Jefferson Circuit Court, and **STRICKEN** from the Court's docket.

**Greg N. Stivers, Judge**
**United States District Court**
April 30, 2018

cc: Counsel of Record
Jefferson Circuit Court, Case 17-CI-5564